**O'BRIEN, BELLAND & BUSHINSKY, LLC**
1526 Berlin Road
Cherry Hill, New Jersey 08003
(856) 795-2181
*By:*   Steven J. Bushinsky, Esquire
W. Daniel Feehan, Esquire

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE IBEW LOCAL 351 PENSION FUND; IBEW LOCAL 351 SURETY FUND; IBEW LOCAL 351 WELFARE FUND; IBEW LOCAL 351 JOINT APPRENTICESHIP AND TRAINING COMMITTEE; SOUTH JERSEY ELECTRICAL WORKERS TEMPORARY DISABILITY FUND for and on behalf of themselves and said FUNDS; and IBEW LOCAL UNION NO. 351, <br><br> *Plaintiffs,* <br><br> v. <br><br> THE ROBERT HENRY CORPORATION, <br><br> *Defendant.* | Case No. <br><br><br> **COMPLAINT** |

Plaintiffs, by and through undersigned counsel, state as follows:

## JURISDICTION AND VENUE

1.   The jurisdiction of this Court is invoked pursuant to Section 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.

§1132 and §1145 respectively, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and the common law of ERISA.

2. This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. §185 because the Trust Funds are administered in the State of New Jersey, and the breach took place in New Jersey.

3. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

4. Plaintiff Trustees of the IBEW Local 351 Pension, Surety, Welfare, Joint Apprenticeship and Training Committee, and South Jersey Electrical Workers Temporary Disability Funds ("Funds") are fiduciaries of the Funds within the meaning of Sections 3(21) and 502 of ERISA, 29 U.S.C. §1002(21) and §1132. The Plaintiff Funds are trust funds established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and are employee benefit plans established and maintained pursuant to Sections 3(1)(2) and (3) of ERISA, 29 U.S.C. §1002(1), (2) and (3), for the purpose of providing health benefits and other benefits

to eligible participants. The Funds are also multiemployer plans within the meaning of Sections 3(37) and 515 of ERISA, 29 U.S.C. 1002(37) and 1145 respectively.

5. Plaintiff Funds are multi-employer plans within the meaning of sections 3(37) and 515 of ERISA, 29 U.S.C. 1002(37) and 1145 respectively.

6. The Funds are authorized to sue in their own names pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

7. Plaintiff Funds have standing to commence this action under Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

8. The Trustees are fiduciaries within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21)(A).

9. Plaintiff Funds maintain their principal place of business at 830 Bear Tavern Road, West Trenton, New Jersey 08628.

10. Plaintiff Funds bring this action on behalf of their Trustees, committee members, participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132, and Section 301 of LMRA, 29 U.S.C. §185.

11. Plaintiff IBEW Local Union No. 351 ("Union") is engaged in collective bargaining on behalf of construction electricians throughout the State of New Jersey. The Union qualifies to commence this action under Section 301 of LMRA, 29 U.S.C. §185.

12. The Union maintains their principal place of business at 1113 Black Horse Pike, Folsom, New Jersey 08037.

13. Defendant, The Robert Henry Corporation ("TRH Corp.") is referred to as "Defendant" or "employer" or "party in interest" as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively, is an employer in an industry affecting commerce within the meaning of Section 301 of LMRA, 29 U.S.C. §185.

14. Upon information and belief, Defendant TRH Corp.'s principal place of business is located at 404 South Frances Street, South Bend, Indiana 46624.

15. Defendant TRH Corp. conducts, or has conducted, business in the State of New Jersey during all times relevant to this Complaint.

## COUNT ONE

16. Plaintiffs incorporate the allegations of Paragraphs 1 through 15 of this Complaint as if set forth herein in their entirety.

17. At all times relevant hereto, Defendant TRH Corp. was party to and agreed to abide by the terms and conditions of a Collective Bargaining Agreement ("CBA") with the Union or one or more local labor unions or district councils affiliated with the Union.

18. At all times relevant hereto, Defendant TRH Corp. also signed and/or agreed to abide by the terms of the Agreements and Declarations of Trust ("Trust Agreements") which, along with the CBA, requires fringe benefit contributions be made for eligible participants on a timely basis.

19. Defendant TRH Corp. failed to pay, or has only paid a portion of, the delinquent contributions and penalties as required by the Inside Agreement, Trust Agreement, and Collection Policy for period including, but not limited to, the period of March 1, 2018 through March 31, 2018.

20. Payment of the delinquent contributions and penalties has been demanded by the Funds, but Defendant TRH Corp. has refused to submit the required payments.

21. Such delinquencies, constitute prohibited transactions under 29 U.S.C. §1106(a)(1)(B).

22. Defendant TRH Corp.'s failure to remit timely fringe benefit contributions has resulted in a violation of 29 U.S.C. §1145.

23. This action is brought in part by the Plaintiffs pursuant to Section 502(g)(2), 29 U.S.C. §1132(g)(2), and Section 515 of ERISA, 29 U.S.C. §1145, pursuant to which this Court is directed to award all unpaid contributions, interest, liquidated damages up to or exceeding twenty percent, reasonable attorneys' fees,

court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

    A.    Order Defendant to pay contributions due and owing to the Plaintiff Funds;

    B.    Order Defendant to pay all delinquent penalties owed to Plaintiff Funds;

    C.    Order Defendant to pay interest on the delinquent contributions at the rate as provided by 29 U.S.C. §1132(g);

    D.    Order Defendant to pay liquidated damages as provided by 29 U.S.C. §1132(g);

    E.    Order Defendant to specifically perform all obligations to the Plaintiff Funds under the CBA;

    F.    Order Defendant to pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g); and

    G.    Order such other and further relief as this Court may deem just and appropriate.

## COUNT TWO

24.    Plaintiffs incorporate the allegations of Paragraphs 1 through 23 of this

Complaint as if set forth herein in their entirety.

25. Defendant TRH Corp. is signatory to, or has assented to, the CBA with the Union and employs Union members.

26. Defendant TRH Corp. failed to remit dues check-offs for the period including, but not limited to, March 1, 2018 through March 31, 2018.

27. Defendant TRH Corp. violated the CBA by failing to remit dues check-offs and other contributions to the Plaintiff Union.

**WHEREFORE**, Plaintiff Union respectfully requests that this Court:

A. Order Defendant TRH Corp. to pay dues-checkoffs due and owing to the Plaintiff Union; and

B. Order such further legal, equitable or other relief as is just and proper.

                                      Respectfully submitted,

                                      **O'BRIEN, BELLAND & BUSHINSKY, LLC**

                                      *Attorneys for Plaintiffs*

                                      By: _____
                                      W. Daniel Feehan, Esquire
                                      1526 Berlin Road
                                      Cherry Hill, NJ 08003
                                      856-795-2181/Fax 856-795-2182
                                      dfeehan@obbblaw.com

Dated: February 4, 2019